HUGH COLEMAN *versus* DAVID P. ANDREWS.

Under a complaint for flowage, where commissioners have been appointed to appraise the damage and limit the extent of future flowage, (as provided by § 9 of c. 92 of R. S. of 1857,) it will be a valid objection to the acceptance of their report, that it does not thereby appear that the parties were heard, or notified to appear.

If, in fact, the parties were notified, the report should be recommitted for correction; if not notified, that they may be, and have an opportunity to be heard.

Objections to the acceptance of the report, for that the complaint is defective, cannot avail, as that should have been taken advantage of before the respondent submitted to a default.

Coleman *v.* Andrews.

EXCEPTIONS from the ruling of GOODENOW, J.

COMPLAINT FOR FLOWAGE. The respondent having been defaulted, commissioners were appointed. At a subsequent term, the complainant's counsel offered the report of the commissioners and moved that it be accepted. To its acceptance the respondent filed objections:— (1.) Because the report does not show that he was notified to attend at the hearing; and, (2.) That the complaint does not set forth that the respondent erected or maintained a water mill and dam, to raise water for working the mill, on his own land or the land of another, by his consent, upon or across any stream not navigable, and for other defects in the complaint.

These objections were overruled by the presiding Judge, who ordered that the report of the commissioners be accepted. The respondent excepted.

*N. Abbott*, in support of the exceptions.

*Williamson, contra.*

The opinion of the Court was drawn up by

APPLETON, J.—This is a complaint for flowage. After the defendant was defaulted, commissioners were appointed, to whose report, when presented, the objection was taken that it did not appear that the respondent was present, or was notified to be present, at the time and place of hearing.

By R. S., 1857, c. 92, § 9, it is provided, after default of the respondent, that "the Court shall appoint three or more disinterested commissioners of the same county, who shall go upon and examine the premises, and make a true and faithful appraisement, under oath, of the yearly damages, if any, done to the complainant by the flowing of his lands or the diversion of the water described in the complaint, and determine how far the same is necessary, and ascertain and make report what portion of the year such lands ought not to be flowed or water diverted, or what quantity of water shall be diverted."

To enable the commissioners to do this, the mere inspection of the land flowed or the dam by which the flowage is caused,

is not enough. It may be necessary that witnesses should be called to state the condition of the land and its yearly value before the dam complained of was erected. There will be proofs and counter proofs of the several questions and facts in dispute.

It is obvious, therefore, that the presence of the parties is indispensably necessary to a just understanding of the cause. But, unless notified, they could not know of the time and place of hearing. The proceedings of the commissioners were judicial in their character, and, if affirmed, form the basis of a judgment of this Court. The rights of the defendant were the subject matter of their adjudication, and it is an elementary principle of justice, that those who are to be bound by a judgment should have notice of the time and place of hearing, that they may be enabled to appear and protect their rights. *Harris* v. *Sturtevant*, 29 Maine, 366 ; *Abbott* v. *Wood*, 22 Maine, 541 ; *Ware* v. *Hunnewell*, 20 Maine, 291.

The report of the commissioners does not disclose the fact of notice to the defendant. If, in fact, there was no notice, the report should be recommitted. If there was notice, the report of the commissioners may be amended by showing that fact.

It is objected that the complaint is defective. That is true, but the defendant has, notwithstanding, submitted to a default. The defects should have been taken advantage of before default and the appointment of commissioners. The same principles would seem to be applicable as if a verdict had been rendered, in which case the verdict would not be arrested nor the proceedings be quashed on certiorari. *Bryant* v. *Glidden*, 36 Maine, 36. Even before default, the objections taken might have been cured by amendment.

*Exceptions sustained.*

TENNEY, C. J., CUTTING, MAY, DAVIS and KENT, JJ., concurred.